[S. F. No. 14774. In Bank.—July 31, 1933.]

JOSEPH RUANO GONZALEZ et al., Respondents, v. INTERSTATE GUARANTY COMPANY (a Corporation) et al., Appellants.

Ellis, Lyman & Steindorf for Appellants.

Edmund J. Holl for Respondents.

LANGDON, J.—This in an action to cancel a note and deed of trust given as security therefor. Plaintiffs, husband and wife, both unfamiliar with business transactions, were solicited by one F. Vergel De Dios, a salesman in the employ of defendant Interstate Guaranty Company, to buy an "undivided interest" in the said company for $500. Acting in reliance upon the false representations of De Dios that he would cause such interest to be transferred to them, they executed the note and deed of trust, De Dios signing the note as a joint maker. De Dios took the instruments to defendant company, which issued a check for $500 payable to plaintiffs, who thereupon indorsed them to De Dios. De Dios then delivered the check to defendant company, which took it and cashed it in payment of an alleged pre-existing indebtedness of his. It may be observed that Joseph Gonzalez denies signing the deed of trust, and Maria Gonzalez denies indorsing the check. However, these matters are immaterial in view of the other facts of the case.

Plaintiffs were given judgment in the court below, canceling the note and deed of trust on grounds of fraud and failure of consideration. Appellants' contentions, that the pleadings failed to state a cause of action, and that the evidence does not support the findings, are devoid of merit The false representation—a promise made without intention to perform it (see *Masten* v. *Fox West Coast Theatres*, 117 Cal. App. 303 [3 Pac. (2d) 610])—is clearly established; so also is the reliance thereon, and the damage suffered. Failure of consideration is equally well established, for plaintiffs received nothing for their money.

Defendant claims, however, that it is a *bona fide purchaser* of the note, for value, and without notice of the defects, that is, a holder in due course. But in the transaction through which it obtained the note, it was represented by De Dios, and the value it gave was the satisfaction of his prior indebtedness. Under these circumstances, the knowledge of the fraudulent intentions of De Dios, defendant agent, is imputed to defendant, his principal. (*McKenney* v. *Ellsworth*, 165 Cal. 326 [132 Pac. 75]; *Live Oak Cemetery Assn.* v. *Adamson*, 106 Cal. App. (Supp.) 783 [288 Pac. 29].) Consequently, defendant cannot claim the rights of a *bona fide purchaser* without notice.

For this reason it is unnecessary to consider the question whether in California a payee of a negotiable instrument (in this case, the defendant) may be a holder in due course.

The judgment is affirmed.

Preston, J., Waste, C. J., Curtis, J., Thompson, J., and Seawell, J., concurred.